# EXHIBIT 1



# Service of Process Transmittal
06/15/2021
CT Log Number 539738520

**TO:** Karen Aucutt
Taco Bell Corp.
1 Glen Bell Way, Attn: Legal, MD 518
Irvine, CA 92618-3344

**RE:** **Process Served in Michigan**

**FOR:** Taco Bell of America, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRANDON LENTON, PLTF. vs. TACO BELL of AMERICA, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21007072CD |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/15/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2021, Expected Purge Date: 06/21/2021 |
| | Image SOP |
| | Email Notification,  Karen Aucutt  karen.aucutt@yum.com |
| | Email Notification,  Kimberly Bernstein  kimberly.bernstein@yum.com |
| | Email Notification,  Kerry Endert  kerry.endert@yum.com |
| | Email Notification,  Anna Aberman  anna.aberman@yum.com |
| | Email Notification,  Michelle Jones  Michelle.Jones@yum.com |
| | Email Notification,  Eric Hayden  eric.hayden@yum.com |
| | Email Notification,  Wes Stiner  wes.stiner@yum.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-331-2303 |

Page 1 of  2 / MS



| | | |
|---|---|---|
| **TO:** | Karen Aucutt<br>Taco Bell Corp.<br>1 Glen Bell Way, Attn: Legal, MD 518<br>Irvine, CA 92618-3344 | |
| **RE:** | **Process Served in Michigan** | |
| **FOR:** | Taco Bell of America, LLC  (Domestic State: DE) | |

**Service of Process Transmittal**
06/15/2021
CT Log Number 539738520

CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

456216-1-1-PRI
Rasor Law Firm
201 E 4th Street
Royal Oak, MI 48067

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
C2M LLC
22202

**USPS CERTIFIED MAIL™**



9214 8901 3247 3400 1427 3112 02

1************************SNGLP 480

**SIGNATURE REQUIRED PER DMM 3.1.1**

C/O Taco Bell of America, LLC
The Corporation Company, Resident Agent
40600 Ann Arbor Rd E Ste 201
Plymouth, MI 48170-4675



201 E. Fourth Street
Royal Oak, Michigan 48067

Phone: 248.543.9000
Fax: 248.543.9050

Free On-Line Chat and Case Review at:
WWW.RASORLAWFIRM.COM

WE FIGHT AND WIN!

James B. Rasor
Andrew J. Laurila
Brandon T. Wolfe
  Attorneys & Counselors

Dean D. Elliott
Elaine M. Niforos
Jeffrey T. McCarty
Of Counsel

Denise L. Rose
Stephanie R. Moore
Paralegals

Michael W. Laurila
Law Clerk

Amanda G. Washburn
Firm Manager

June 11, 2021

*Via Certified Mail*
The Corporation Company, Resident Agent
C/O Taco Bell of America, LLC
40600 Ann Arbor Rd. E Ste 201
Plymouth, MI 48170

   RE:  **Lenton v Taco Bell of America, LLC**

Dear Resident Agent:

  Please be advised that you are being served with the enclosed summons and complaint. Your response is due 28 days after service.

  If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

           Very truly yours,

           *Andrew J. Laurila*
           Andrew Laurila

/srm
Enclosures

CM-27323-0076

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return | |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>21-007072-CD<br>Hon. Leslie Kim Smith | |

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s)<br>Lenton, Brandon | v | Defendant's name(s), address(es), and telephone no(s).<br>Taco Bell of America, LLC |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Andrew John Laurila 78880<br>201 E 4th St<br>Royal Oak, MI 48067-2606 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/11/2021 | Expiration date*<br>9/10/2021 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



CM-27323-0076

**SUMMONS**
Case No.: **21-007072-CD**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**    OR    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date
My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time
_____ on behalf of _____.
Signature

CM-27323-0076

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BRANDON LENTON,

    Plaintiff,

v

TACO BELL of AMERICA LLC,

    Defendant.

Case No.: 21-            - CD
Hon.: _____

_____/

JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
**THE RASOR LAW FIRM, PLLC**
Attorneys for *Plaintiff*
201 E. Fourth Street
Royal Oak, MI  48067
(248) 543-9000/ Fax: (248) 543-9050
ajl@rasorlawfirm.com

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

                      /s/ *Andrew J. Laurila*
                **Andrew J. Laurila (P78880)**

**NOW COMES** Plaintiff, BRANDON LENTON, by and through his attorneys, RASOR LAW FIRM, PLLC, and for his Complaint against the above-named Defendant, hereby states as follows:

1

CM-27323-0076

1. This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to the statutes and common law of the State of Michigan against the above-named Defendant.

2. Plaintiff, Brandon Lenton (herein "Plaintiff") was, at all times relevant to this lawsuit, a resident of the City of Trenton, County of Wayne, and State of Michigan.

3. At all times relevant to this lawsuit, Defendant TACO BELL OF AMERICA, LLC, ("Taco Bell") is a foreign Limited Liability Company that conduct business in Brownstown Charter Tp., specifically where it operates a Taco Bell franchise where Plaintiff was employed.

4. Defendant's location at issue here and as stated above is located in the County of Wayne, State of Michigan.

5. Defendant Taco Bell is an "employer" pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2201(a).

6. This lawsuit arises out of events occurring within the City of Brownstown Charter Township, County of Wayne, and State of Michigan.

7. At all relevant times Plaintiff was an employee of Defendant.

8. The amount in controversy in this action exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs and attorney's fees, and this case is otherwise properly within the jurisdiction of the Macomb County Circuit Court.

## FACTUAL ALLEGATIONS

9. Plaintiff, who is African American, began his employment with Defendant Taco Bell on or around December 19, 2019.

10. Specifically, Plaintiff was employed at Defendant's restaurant located at 23759 West Rd. in Brownstown Charter Township.

CM-27323-0076

11. On or around January 3, 2020, a Caucasian manager who had supervisory authority over Plaintiff began publicly calling Plaintiff the 'n' word and using other racial slurs towards Plaintiff.

12. In response to this offensive racism, Plaintiff confronted the manager and said that this was offensive to him and unacceptable in the workplace.

13. Despite his attempts to deter the racism, Plaintiff's complaint to this manager fell on def ears and his mistreatment continued.

14. A few weeks later, another manager returned from vacation, and she also began using racial slurs both directed towards and around Plaintiff, including but not limited to calling him the 'n' word.

15. Like the former instance of reported racism just weeks earlier, Plaintiff confronted this manager and informed her that this offended him and was not acceptable in the workplace.

16. Again, Plaintiff's complaint and opposition to this racism atmosphere fell on def ears.

17. On or around January 15, 2020, Plaintiff received an arbitrary disciplinary form for alleged misconduct.

18. Then on or around January 21, 2020, Plaintiff was terminated for further arbitrary conduct that lacked any tangible reason.

19. Within weeks of Plaintiff's two-fold opposition to workplace racism, he was terminated for arbitrary and erroneous alleged misconduct.

### COUNT I– RACE DISCRIMINATION
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et seq.*, AS TO DEFENDANT TACO BELL

CM-27323-0076

20. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1 through 19, as if fully set forth herein.

21. The Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.* prohibits discrimination against any individual with respect to employment, compensation, or a term, condition, or privilege of employment because of race.

22. At all times material and relevant, Plaintiff was an employee and Defendant was Plaintiff's employer, covered by and within the meaning of the Elliot Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

23. At all material times, Plaintiff was African American and a member of a protected class under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

24. As an employer within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*, Defendant owed Plaintiff a duty not to discriminate against him with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of his race.

25. Because of his race, Plaintiff was continuously subjected to treatment during his employment that was disparate from that accorded to similarly-situated Caucasian employees who were treated more favorably than Plaintiff.

26. The above-referenced supervisors, specifically but not limited to the individuals who used racial slurs directed at and around Plaintiff, along with other individuals employed at this Taco Bell location did not treat any similarly situated, non-African American employees like they did Plaintiff.

27. Plaintiff's race was a motivating factor that made a difference in Defendant's decision to discriminate against Plaintiff, including but not limited to his arbitrary termination.

4

28. The disparate and less favorable treatment to which Plaintiff was subjected during his employment with Defendant, including adverse employment actions with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment, was based on his race.

29. The disparate and less favorable treatment to which Plaintiff was subjected during his employment came both from management and supervisory personnel.

30. Defendant has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against African American employees, or that tolerates the disparate and less favorable treatment of African American employees by said management and supervisory personnel.

31. Defendant has a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of African American employees by supervisory personnel.

32. The disparate treatment to which Plaintiff was subjected while employed by Defendant was so substantially disparate and less favorable than the treatment of Caucasian employees that it raises an inference of disparate treatment discrimination.

33. The disparate treatment to which Plaintiff was subjected to during his employment was so substantially disparate and less favorable than the treatment received by his Caucasian co-workers that it unreasonably interfered with Plaintiff's work performance.

34. There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected during his employment with Defendant.

35. By failing to take prompt and effective remedial actions but instead forcing Plaintiff to remain under the supervision of the same discriminator(s) after having complained, Defendant

5

has in effect condoned, ratified, and/or authorized discrimination against Plaintiff and individuals similarly situated.

36. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

37. Pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*, Defendant is liable to Plaintiff for all damages allowed under State law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred, as the Court deems just.

## COUNT II – RETALIATION
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et seq.* AS TO DEFENDANT TACO BELL

38. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1 through 37, as if fully set forth herein.

39. The Elliott-Larsen Civil Rights Act prohibits retaliation against any individual because that person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in any investigation ... under this act. M.C.L. § 37.2701(a).

6

40. At all material times, Plaintiff is and was an employee of Defendant covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*.

41. As employers within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., Defendant owed Plaintiff a duty not to retaliate against Plaintiff with respect to his employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of Plaintiff engaging in protected activity.

42. Complaining about, reporting, and/or opposing racial discrimination, workplace racism, and/or discriminatory policies or patterns of practice is a statutorily protected activity under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*.

43. Plaintiff engaged in conduct protected under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., including, but not limited to, complaining of, reporting, and/or opposing the discriminatory conduct of the agents, servants, and/or employees of Defendant, specifically but not limited to Plaintiff's complaint(s) of workplace racism.

44. Defendant had knowledge of Plaintiff's protected activities as set forth in the preceding paragraphs.

45. Defendant, by and through its agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, denying Plaintiff conditions, terms, opportunities, and privileges provided to other employees of Defendant, isolating Plaintiff, making Plaintiff's work environment more difficult, and terminating his employment without a valid reason.

46. Plaintiff was subjected to retaliatory acts by Defendant and its agents, servants and/or employees in retaliation for his opposition to civil rights violations and workplace racism,

7

having complained about the discriminatory acts described herein, in violation of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

47. Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

48. As a direct and proximate result of Defendant's unlawful actions and retaliation against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant in an amount in excess of $25,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

Respectfully Submitted,

THE RASOR LAW FIRM, PLLC

*/s/ Andrew J. Laurila*
ANDREW J. LAURILA (P78880)
Attorney for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067

Dated: June 11, 2021

CM-27323-0076

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BRANDON LENTON,

    Plaintiff,

v

TACO BELL OF AMERICA LLC,

    Defendant.

Case No.: 21-_____- CD
Hon.: _____

_____/

JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
**THE RASOR LAW FIRM, PLLC**
Attorneys for *Plaintiff*
201 E. Fourth Street
Royal Oak, MI  48067
(248) 543-9000/ Fax: (248) 543-9050
ajl@rasorlawfirm.com

_____/

## **DEMAND FOR JURY TRIAL**

**NOW COME** Plaintiff, by and through his attorneys, RASOR LAW FIRM, and hereby respectfully requests trial by jury in the above captioned matter.

    Respectfully Submitted,

    THE RASOR LAW FIRM, PLLC

    */s/ Andrew J. Laurila*
    ANDREW J. LAURILA (P78880)
    Attorney for Plaintiff
    201 E. 4th Street
    Royal Oak, MI 48067

Dated: June 11, 2021

9