UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON LENTON,<br>　　　　　　　Plaintiff,<br>v.<br><br>TACO BELL OF AMERICA,<br>LLC,<br>　　　　　　　Defendant.<br>_____/ | Case No. 21-11581<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE
<u>AFFIDAVIT (ECF No. 41)</u>**

Plaintiff Brandon Lenton filed this employment discrimination case against Defendant Taco Bell, LLC. (ECF No. 1). Defendant moved for summary judgment. In response, Plaintiff attached the affidavit of Tierra Liddell, who worked with Plaintiff at Taco Bell during the time in question. (ECF Nos. 34, 37). Defendant moved to strike the affidavit. (ECF No. 41). This motion was referred to the undersigned. (ECF No. 42). The matter is fully briefed and ready for determination. For the reasons below, the motion is **DENIED**.

The first argument in support of striking the affidavit is that it is not dated and was notarized under unusual circumstances. (ECF No. 41-3). Ms. Liddell did not sign the affidavit in person with the notary. Rather, she and the notary were present on Zoom for the signing. Defendant argues that Michigan law requires that

an affidavit be signed using an approved remote vendor, if it is signed remotely. (ECF No. 41, PageID.1858). Zoom is not an approved vendor. Plaintiff argues that clerical errors do not invalidate the affidavit. All that is required in the Sixth Circuit is substantial compliance with the Michigan rules on affidavits. (ECF No. 43, PageID.1911).

Plaintiff relies on both Michigan and federal law, while Defendant relies on federal law. A federal court sitting in diversity jurisdiction applies the substantive law of the state in which it sits and federal procedural law. *See, e.g.*, *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "The requirements for an affidavit to be acceptable before the court is procedural[.]" *Cambria v. Costco Wholesale Corp.*, 2019 WL 6878216, at *3 (S.D.N.Y. Dec. 17, 2019); *Long v. Adams*, 411 F. Supp. 2d 701, 707-08 (E.D. Mich. 2006) (applying federal law to propriety of affidavit in medical malpractice context). Thus federal law applies. Federal law does not require an affidavit to be notarized. *See* 28 U.S.C. § 1746.

The Court will not strike the affidavit for failure to include the date of notarization or because it was notarized on Zoom. To do so would be to exult form over substance. These two failings do not alter the substance of the affidavit and are not reason to question the validity of the statements made in the affidavit nor the notary's seal. Liddell signed the affidavit, a notary notarized it.

Defendant's second argument for striking the affidavit relates to the admissibility of the things she asserted in paragraphs 3-5 and 8. It argues that the affidavit "creates sham issues of fact and contains several statements based on conjecture and hearsay rather than personal knowledge." (ECF No. 41, PageID.1859). According to Defendant, the affidavit strays from Liddell's deposition testimony, where she testified that she could not recall the dates when statements were made or sometimes could not recall the statements themselves, and contains hearsay.

Under Fed . R. Civ. P 56(c)(4), any affidavits supporting or opposing a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States,* 20 F.3d 222, 225-26 (6th Cir. 1994). In considering a motion to strike, the Court must "use a scalpel, not a butcher knife" and only strike portions that are inadmissible under Fed. R. Civ. P. 56(c)(4). *Upshaw v. Ford Motor Co.,* 576 F.3d 576, 593 (6th Cir. 2009) (internal citation omitted). It is the burden of the party submitting the affidavits to demonstrate that the witness has personal knowledge of the statements contained in the affidavit. *Long v. Procter & Gamble Mfg. Co.*, 2005 WL 1631033, *1 (W.D. Tenn. July 8, 2005).

Plaintiff does not contest that affidavits based on hearsay or conjecture are inadmissible. He argues, though, that Liddell's affidavit is based on personal knowledge and is not based on hearsay because she was present and heard the statements being made. (ECF No. 43).

Paragraph three of the affidavit provides facts demonstrating that Liddell witnessed "multiple instances of Plaintiff . . . being called the 'n' word by management." (ECF No. 41-2, PageID.1872). These are the challenged subparagraphs:

> ¶ 3(a): I witnessed Taco Bell Team Lead, Kyle, expressing that he was upset that Plaintiff Brandon Lenton was learning all of the store positions, in an attempt to become a manager. I witnessed Kyle say to Lenton that he would never be his manager. I also witnessed Kyle call Lenton "n*****" and a "bitch" on many occasions.
>
> ¶ 3(b): I witnessed Taco Bell Manager, Jacob, call Plaintiff Lenton a "n*****" on one occasion.
>
> ¶ 3(c): I witnessed Taco Bell Manager, Brittany, calling Plaintiff Lenton a "bitch" almost every workday.
>
> ¶ 3(d): I witnessed Taco Bell Store Manager, Renee, speaking to another employee and describing that she told Brandon to "get your ass out of my office n****, before I call the police."

(*Id.*).

Liddell states that she witnessed Plaintiff "complaining to the general manager about these racial comments" in paragraph 4.  Next, in paragraph 5 she states that after she witnessed Plaintiff complain about the racial comments, she witnessed his scheduled work hours reduced from full-time to 4-5 hours a day, with fewer days scheduled.  Finally, in paragraph 8, she states that she refused to sign a statement that Plaintiff sexually harassed her because it was false.  (ECF No. 41-2, PageID.1873).

Defendant generally contends that the affidavit contains hearsay that should be stricken.  Defendant did not develop this argument for each affidavit paragraph.  At the same time, Plaintiff generally asserts there is no hearsay because Liddell was present when she heard the statements.  The Court understands Plaintiff's point to be that Liddell's statements are used for establishing what Liddell witnessed, not for the truth of the matter asserted.  Consider Plaintiff's response to the motion for summary judgment in which he cites Liddell's statement that she witnessed Renee speak to another employee about Plaintiff and witnessed Brittany call Plaintiff a bitch almost everyday.  (ECF No. 37, PageID.1456).  Plaintiff describes events that Liddell witnessed.  Because it does not appear that the statements are used for the truth of the matter asserted, the Court will not strike the statements as hearsay.

Defendant also argues that, based on Liddell's deposition testimony, Liddell does not have personal knowledge of the things she asserted, and thus the statements must be stricken. Defendant's argument comes in response to deposition testimony in which Liddell could not recall certain facts, like the dates on which the statements were made or further details of conversations she witnessed. For example, she could not recall the substance of the conversation between manager Renee and the other employee described in paragraph 3(d). (ECF No. 41-3, PageID.1883, at p. 33).

In paragraph 4, Liddell states that she witnessed Plaintiff complain to the general manager about the racial comments described in paragraph 3. During her deposition, Liddell testified that she witnessed Plaintiff complain to Brittany King (who was not the general manager) twice and heard about other instances of complaints from King. Liddell could not remember what King said about those other complaints and she could not recall any dates. (ECF No. 41-23, PageID.1884).

Defendant asserts that Liddell cannot have personal knowledge of what she does not recall and cannot support her statements with specific facts.

In the Court's view, Liddell's inability to recall dates or what she heard is not cause to strike the paragraph. Liddell has personal knowledge of what she

6

witnessed or what was told to her. That she cannot recall details perhaps goes to credibility that can be addressed on cross-examination.

Paragraph 5 will not be stricken. Liddell stated that after she witnessed Plaintiff complain to management, she saw that Plaintiff's hours were reduced. Defendant points to inconsistencies between the affidavit and Liddell's testimony. Liddell testified that, with respect to paragraph 5, she was referring to Plaintiff's complaint to manager Renee. Plaintiff told her he complained to Renee. Liddell could not recall when Plaintiff complained or told her about his complaint, and she did not recall what the complaint was about. (*Id.* at PageID.1885). From her testimony, Liddell did not *witness* Plaintiff complain to Renee as stated in the affidavit, thus she lacks personal knowledge of this complaint. Defendant also notes that Liddell's testimony that this manager is Renee contradicts Plaintiff's testimony that he did not take racial discrimination complaints to Renee. (*See* ECF No. 34-2, PageID.1111; PageID.1150). Liddell testified that she knew Plaintiff's hours had changed because she saw the posted schedule and noticed Plaintiff's and other employees' hours had been reduced. (ECF No. 41-3, PageID.1886, at p. 42).

Plaintiff did not address this paragraph except to summarize it in a sentence. He did not establish that the inconsistencies are immaterial or support why this paragraph should not be stricken. That said, the undersigned disagrees with Defendant's position. Liddell has personal knowledge of Plaintiff telling her he

7

complained to Renee about racial comments, even though Plaintiff contends he never took such a complaint to Renee. This inaccuracy raises a credibility issue. Liddell also has personal knowledge of Plaintiff's and other employee's hours being reduced after the alleged complaint to Renee. Liddell did not speculate about why hours were reduced; she merely notes the timing of the reduction.[1]

As to paragraph 8, Liddell states that she refused to sign a document that would say Plaintiff sexually assaulted and harassed her. The statement in paragraph 8, specifically, is that she refused to sign the document because it was false. Defendant seeks to have this paragraph stricken because it contains conjecture and speculation and lacks personal knowledge—Liddell never saw the document. Plaintiff did not address the admissibility of this paragraph.

There is no cause to strike paragraph 8 from the affidavit. Liddell's action (not signing the document) stemmed from the circumstances and information she

---

[1] Defendant alludes to the shame affidavit doctrine. Under the "sham affidavit doctrine," after a motion for summary judgment has been made, a party may not file an affidavit that contradicts his *earlier* sworn testimony. *France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016). This is because if a party who has been examined at length, under oath, could raise an issue of fact simply by submitting an affidavit contradicting her own prior testimony, it would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. *Id.* (citing *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir. 1986)). Here, the affidavit is the "earlier sworn testimony," not the deposition. Liddell was examined, under oath, *after* she executed the affidavit. Affidavits can be considered unless they directly contradict *prior* deposition testimony or are injected into the proceedings merely to avoid summary judgment. *Lannello v. American Gen. Life Ins. Co.*, 298 F. Supp. 3d 1133, 1138 (M.D. Tenn. 2018) (citing *France*, 836 F.3d at 622).
    The court need not decide whether the doctrine would apply in the circumstances presented here because Liddell's testimony and affidavit are not used to create an issue of fact as to whether Plaintiff complained about racial comments to Renee.

was given at that time. According to the affidavit, she was not speculating about the contents of the document; a manager told her what the document said and asked her sign it, but she refused.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2. The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636.

Date: February 6, 2023                s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge